LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

SEGUNDO MALDONADO,
*on behalf of himself*

                                         Plaintiff,

                          Case No.:

   v.

                          **COMPLAINT**

                          Jury Trial Demanded

NORTHEAST SERVICE INTERIORS,
LLC, and FRANK CALIENDO

              Defendants.

---

Plaintiff SEGUNDO MALDONADO ("Plaintiff" or "Plaintiff MALDONADO"), on behalf of himself, by and through his undersigned attorneys, hereby files this Complaint against Defendants NORTHEAST SERVICE INTERIORS, LLC (the "Corporate Defendant"), and FRANK CALIENDO (the "Individual Defendant"; and, together with the Corporate Defendant, "Defendants") and states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §§ 201 *et. seq.* ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid regular and overtime wages due to time-shaving, (3) liquidated damages and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he is entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid regular and overtime wages due to time-shaving, (3) unpaid spread of hours compensation, (4) statutory penalties, (5) liquidated damages, and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337, and 1343, and has supplemental jurisdiction over the state law claims of Plaintiff pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff MALDONADO is a resident of Essex County, New Jersey.

6. Corporate Defendant NORTHEAST SERVICE INTERIORS, LLC is a domestic limited liability company organized under the laws of the State of New York, with an address for service of process at Northeast Service Interiors, LLC, 56-01 Nurge Avenue, Maspeth, New York, 11378, and a principal place of business located at 56-01 Nurge Ave, Suite 2, Maspeth, NY 11378.

7. At all relevant times, Corporate Defendant NORTHEAST SERVICE INTERIORS, LLC was and is "enterprise[s] engaged in commerce" within the meaning of the FLSA, NYLL, and regulations thereunder.

8. Individual Defendant FRANK CALIENDO is the Principal/Owner of the Corporate Defendant. At all relevant times, Defendant FRANK CALIENDO has exercised control over the employment terms and conditions of Plaintiff. Defendant FRANK CALIENDO has exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee work schedules, and (iv) otherwise affect the quality of employment of Plaintiff. At all relevant times, employees could complain to Defendant FRANK CALIENDO regarding any of the terms of their employment, and Defendant FRANK CALIENDO possessed the authority to effect any changes to the quality or terms of their employment. Defendant FRANK CALIENDO exercised functional control over the business and financial operations of Corporate Defendant. Defendant FRANK CALIENDO had the power and authority to supervise and control supervisors of Plaintiff, and could reprimand employees.

9. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

10. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendants.

## STATEMENT OF FACTS

11. In or around March 2011, Plaintiff MALDONADO was hired by Defendants and/or their predecessors, as applicable, to work as a Laborer at NORTHEAST SERVICE INTERIORS, LLC. Plaintiff MALDONADO's employment with Defendants at NORTHEAST SERVICE INTERIORS, LLC was terminated in or around April 2015.

12. Throughout his employment, Plaintiff MALDONADO worked six (6) days per week. Specifically, Plaintiff worked from 7 a.m. to 5 p.m. for five (5) days per week, and from 7 a.m. to

3 p.m. for one (1) day per week, for a total of fifty-eight (58) hours per week. However, Plaintiff always stayed five (5) to fifteen (15) minutes past his shifts every workday.

13. From the beginning of his employment, until December 2011, Plaintiff was paid at an hourly rate of $15. From January 2012, until the end of his employment, Plaintiff was paid at an hourly rate of $17. Plaintiff was paid straight time rate for all hours worked, without overtime compensation.

14. Throughout his employment, Plaintiff was required to sign a time sheet to clock in and clock out. The hours Plaintiff worked after each shift are off-the-clock.

15. Throughout his employment, Plaintiff worked more than ten (10) hours for five (5) days per week but was never paid spread of hours premium.

16. Throughout his employment, Plaintiff was paid some of his hours worked on check, and the rest of the hours worked in cash, at a straight time rate.

17. Defendants failed to provide Plaintiff with proper wage notices at hiring and annually thereafter. Plaintiff did not receive proper wage notices either upon being hired or annually since the date of hiring in violation of the NYLL.

18. At all relevant times, Defendants unlawfully failed to pay Plaintiff for all hours worked each workweek, due to a policy of time-shaving, resulting in unpaid wages and unpaid overtime compensation for hours worked over forty (40).

19. At all relevant times, Plaintiff worked over forty (40) hours each week. Defendants unlawfully failed to pay Plaintiff overtime compensation.

20. At all relevant times, Plaintiff regularly worked days that exceed ten (10) hours in length, but Defendants unlawfully failed to pay Plaintiff the spread of hours premium for workdays that exceeded ten (10) hours in length.

21. At all relevant times, Defendants failed to provide Plaintiff with proper wage notices, at the beginning of employment and annually thereafter, as required by the NYLL.

22. At all relevant times, Defendants failed to provide Plaintiff with proper wage statements as required by the NYLL.

23. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to Plaintiff, for all hours worked in excess of forty (40) each week.

24. Defendants knowingly and willingly failed to pay Plaintiff regular and overtime wages for all hours worked due Defendants' time- shaving practices.

25. Defendants knowingly and willingly failed to pay Plaintiff spread of hours premium.

26. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements, as required under the NYLL.

27. Defendants knowingly and willfully operated their business with a policy of not providing proper wage notices to employees, at the beginning of employment and at dates of all wage changes thereafter, pursuant to the requirements of the NYLL.

28. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

29. Plaintiff realleges and reavers Paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

31. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

32. At all relevant times, Defendants had gross annual revenues in excess of $500,000.

33. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for his hours worked in excess of forty (40) per workweek.

34. Defendants failed to compensate Plaintiff all hours worked due to time-shaving, including hours worked in excess of forty (40) each week.

35. Records, if any, concerning the number of hours worked by Plaintiff, and the actual compensation paid to Plaintiff should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

36. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

37. Plaintiff is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## **VIOLATIONS OF THE NEW YORK LABOR LAW**

38. Plaintiff realleges and reavers Paragraphs 1 through 37 of this Complaint as if fully set forth herein.

39. At all relevant times, Plaintiff was employed by Defendants within the meaning of the NYLL §§ 2 and 651.

40. Defendants willfully violated the rights of Plaintiff by failing to pay Plaintiff the proper overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours each workweek.

41. Defendants willfully violated the rights of Plaintiff, by practicing a policy of time-shaving, in violation of the NYLL.

42. Defendants willfully violated the rights of Plaintiff, by failing to pay Plaintiff spread of hours premium when he worked shifts exceeding ten (10) hours in duration.

43. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiff, as required by the NYLL. Defendants are required to provide accurate and proper information on wage statements issued to employees in accordance with the NYLL.

44. Defendants knowingly and willfully operated their business with a policy of not providing Plaintiff with proper wage notices, at date of hiring and at dates of all wage changes thereafter, in violation of the NYLL.

45. Due to the Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants their unpaid wages, including overtime, unpaid spread of hours premium, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to the NYLL.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation resulting from Defendants' policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for his hours worked in excess of forty (40) per workweek, which is due under the FLSA and the NYLL;

d. An award of unpaid regular and overtime compensation resulting from Defendants' policy of time-shaving, and which is due under the FLSA and the NYLL;

e. An award of unpaid spread of hours premium due under the NYLL;

f. An award of statutory penalties as a result of Defendants' failure to comply with the NYLL wage notice and wage statement requirements;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay regular and overtime compensation pursuant to the FLSA and NYLL;

h. An award of costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

i. Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: January 13, 2021

                Respectfully submitted,

By:    */s/ C.K. Lee*
        C.K. Lee, Esq.

        LEE LITIGATION GROUP, PLLC
        C.K. Lee (CL 4086)
        Anne Seelig (AS 3976)
        148 West 24th Street, 8th Floor
        New York, NY 10011
        Tel.: 212-465-1188
        Fax: 212-465-1181
        *Attorneys for Plaintiff*